UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WIRLIN AQUILES RECIO PUJOLS,

Movant,

-against-

UNITED STATES OF AMERICA,

Respondent.

25-CV-10851 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Movant Wirlin Aquiles Recio Pujols, who resides in Hackensack, New Jersey, brings this *pro se* motion under 28 U.S.C. § 2255. For the following reasons, the Court directs Movant to file an amended motion within 60 days of the date of this order.

**STANDARD OF REVIEW**

A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his conviction or sentence on the grounds that it violates the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a § 2255 motion before directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4(b); *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and

substantive law." *Triestman*, 470 F.3d at 477 (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

Rule 2(b) of the Rules Governing Section 2255 Proceedings requires a motion to specify all of a movant's available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested. A motion must permit the Court and Respondent to comprehend both the movant's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the motion may be adjudicated.

Here, Movant seeks to vacate a conviction for passport fraud and money laundering, but he provides no other information about the conviction he is challenging. Movant does not provide the date of his conviction or, most importantly, the court in which he was convicted. A search of this court's records does not show a criminal conviction or any criminal cases brought against an individual with Movant's name. Furthermore, a search of the Public Access to Court Electronic Records ("PACER") database does not show a criminal conviction or any criminal cases brought against an individual with Movant's name in *any* United States District Court. Without such basic information on Movant's conviction, the Court and Respondent are unable to respond to the motion.

The Court also notes that Movant did not sign the motion. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." The Supreme Court has interpreted Rule 11(a) to require "as it did in

John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). If Movant files an amended Section 2255 motion, he must sign the motion.

The Court directs Movant, within 60 days of the date of this order, to file a signed amended Section 2255 motion that complies with Rule 2 by stating the court in which Movant was convicted, the date of his conviction, as well as his grounds for relief and underlying facts and legal theory supporting each ground for relief.

## CONCLUSION

Movant is directed to file a signed amended motion under 28 U.S.C. § 2255 containing the information specified above. The amended motion must be submitted to this Court's Pro Se Office within 60 days of the date of this order, be captioned as an "Amended Motion" and bear the same docket number as this order. An Amended Motion Under 28 U.S.C. § 2255 form is attached to this order, which Movant should complete as specified above. Once submitted, the amended motion will be reviewed for substantive sufficiency, and then, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Movant fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the motion will be denied.

SO ORDERED.

Dated:    January 29, 2026
          New York, New York

_____
LOUIS L. STANTON
U.S.D.J.

## Motion to Vacate, Set Aside, or Correct a Sentence
## By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

### Instructions

1.  To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2.  You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7.  In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8.  When you have completed the form, send the original to the Clerk of the United States District Court at this address:

    Daniel Patrick Moynihan U.S. Courthouse
    500 Pearl Street
    New York, NY 10007

9.  <u>CAUTION:</u> **You must include in this motion *all* the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. <u>CAPITAL CASES:</u> **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AMENDED   **MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District | |
|---|---|---|
| Name (under which you were convicted): | | Docket or Case No.: |
| Place of Confinement: | | Prisoner No.: |
| UNITED STATES OF AMERICA | | Movant (include name under which you were convicted) |
| v. | | |

**MOTION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:




    (b) Criminal docket or case number (if you know):

2.  (a) Date of the judgment of conviction (if you know):


    (b) Date of sentencing:

3.  Length of sentence:

4.  Nature of crime (all counts):





5.  (a) What was your plea? (Check one)

    (1)  Not guilty ❑          (2)  Guilty ❑          (3)  Nolo contendere (no contest) ❑

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
    or indictment, what did you plead guilty to and what did you plead not guilty to?




6.  If you went to trial, what kind of trial did you have? (Check one)      Jury ❑      Judge only ❑

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ❑        No ❑

8.  Did you appeal from the judgment of conviction?    Yes ❑        No ❑

9.  If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ❑    No ❑

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ❑    No ❑

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:    Yes ❑   No ❑

(2)  Second petition:    Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑    No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO**:

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏    No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏    No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏    No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏    No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏    No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ❑    No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ❑    No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❏    No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❏    No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏    No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR**:

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑    No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑    No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑    No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ❑    No ❑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ❑ No ❑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ❑ No ❑

    (a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ❑   No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.